## HADWIN *v.* FISK.

The general mortgage resulting from the registry of a judgment in the office of the recorder of mortgages, cannot, without the consent of the judgment creditor, be restricted to any particular real property, though free from encumbrance and more than sufficient to secure the debt. The stat. of 11th March, 1830, relative to tutors and curators, gives no authority to any court to change or impair the security which the law gives to a judgment creditor.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. The judgment of the court was pronounced by

KING, J. The plaintiff obtained a judgment against the defendant, which he caused, immediately upon its rendition, to be inscribed at the office of the recorder of mortgages. The defendant, thereupon, took a rule upon the plaintiff to show cause why the general mortgage thus recorded should not be raised and restricted to certain real property, which he avers to be free from incumbrance, and ample to secure the amount of the judgment. A notary was appointed to inquire into the title to the property proposed to be specially hypothecated, and to ascertain whether it was free from incumbrance. His report upon the matters thus referred to him proving to be satisfactory, the rule was made absolute, and a decree rendered ordering the property described in the rule to be specially mortgaged in favor of the plaintiff, for the purpose of securing the amount of his judgment, and further that the recorder of mortgages should grant certificates that the remaining property of the defendant was free from any mortgage resulting from the plaintiff's judgment. From this judgment the plaintiff as appealed.

HADWIN
*v.*
FISK.

The judge founds his decision upon the act of 1830, relating to tutors, which he considers has introduced a new principle into our jurisprudence, and confers authority upon courts to give relief to parties whose property is affected by general mortgages, by substituting special hypothecations, when this may be done without injury to the creditor. We think the court erred. A judgment becomes, as soon as it is pronounced, the property of the person in whose favor it is rendered, takes effect as a mortgage from the day when it is duly recorded, and may be enforced upon all the immovables and slaves which the debtor owns or subsequently acquires. These rights remain untouched by the act of 1830, the proper interpretation of which does not, in our opinion, vest courts with authority to diminish, or in any manner impair, or change, the security which the law gives to the creditor resulting from judgments. It is, therefore, ordered that the judgment of the Commercial Court be annulled and reversed, and that the rule be discharged; the defendant paying the costs of both courts.

C. M. *Jones*, for the appellant. *Elwyn* and *Roselius*, for the defendant.